## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| **BARRY W. DAVIS, JR**, individually and on behalf of others similarly situated :<br><br>Plaintiff, :<br><br>v. :<br><br>**ERIGERE RAPIDUS SOLUTIONS ERS, INC.** :<br><br>Defendant. : | **Civil Action No.** _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action and<br>Rule 23 Class Action |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Barry W. Davis, Jr. ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Erigere Rapidus Solutions ERS, Inc. ("Defendant"), and on behalf of the putative members of the proposed Pennsylvania and New Jersey Rule 23 Classes, files this Collective and Class Action Complaint against Defendant for unpaid overtime, liquidated damages, attorney fees, costs and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and/or the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* (NJWHL) and the New Jersey Wage Theft Act, N.J.S.A. 34:11-4.1 (NJWTA).

## INTRODUCTION

Plaintiff and the putative Collective and Class Members were and are employed by Defendant on an hourly basis to provide non-overtime exempt security services, including, but not limited to security guards, personal protection, supplemental casino security, asset protection, and K9 patrol. According to its website, Defendant Erigere Rapidus Solutions ERS, Inc. provides

"professional security and investigative products to the private sector." (www.erigererapidus.com/about viewed on December 11, 2023). Defendant does not pay overtime for the work provided by Plaintiff and the Collective and Class Members.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, as Defendant is domiciled and conducts business within the State of New Jersey and this district.

2. This Court has supplemental jurisdiction pursuant to 29 U.S.C. § 1367 over the Pennsylvania and New Jersey state law claims, as the state and federal claims derive from a common nucleus of operative facts.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## THE PARTIES

**Plaintiff**

4. Plaintiff Barry W. Davis, Jr, is a citizen of the Commonwealth of Pennsylvania. Plaintiff was employed by Defendant from approximately May 2020 to June 2023 as a security guard. Plaintiff performed work for Defendant in both Pennsylvania and New Jersey, including non-exempt overtime work.

5. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to this proceeding. His consent form is attached as Exhibit A.

2

**Defendant**

6.  Defendant Erigere Rapidus Solutions ERS, Inc. is a New Jersey corporation with its principal place of business located at 145 Broadway, Westville, New Jersey 08093.

## COVERAGE UNDER THE FLSA

7.  Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and have had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

8.  Plaintiff and the FLSA Collective are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

9.  Defendant, Plaintiff and the FLSA Collective used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than New Jersey and Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions, all of which constitute interstate commerce.

10. Further, Defendant claims to conduct business and provide services to clients in "all 50 states, Puerto Rico, Guam and the Virgin Islands." (www.erigererapidus.com/services, last visited December 11, 2023).

## COLLECTIVE AND CLASS ACTION DEFINITIONS

11. The group of similarly situated employees sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former workers employed by Erigere Rapidus Solutions ERS, Inc. in the United States who were paid on an hourly basis at any time since three (3) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

12. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the PMWA and/or PWPCL is defined as:

> All current or former workers employed by Erigere Rapidus Solutions ERS, Inc. in Pennsylvania who were paid on an hourly basis at any time since two (2) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a work week (the "Pennsylvania Rule 23 Class").

13. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the NJWHL and/or NJWTA is defined as:

> All current or former workers employed by Erigere Rapidus Solutions ERS, Inc. in New Jersey who were paid on an hourly basis at any time since six (6) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a work week (the "New Jersey Rule 23 Class").

## FACTS

14. Plaintiff, the FLSA Collective and the Rule 23 Classes are or were employed by Defendant as security personnel to provide security services for Defendant's clients at various locations.

15. Plaintiff, the FLSA Collective and the Rule 23 Classes are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the PMWA and/or the PWPCL and the NJWHL and/or NJWTA.

16. Plaintiff, the Rule 23 Classes and the FLSA Collective were paid by the hour.

17. For most of his employment, Plaintiff was paid between $20 and $25 per hour.

18. Plaintiff, the Rule 23 Classes and the FLSA Collective performed no job duties or functions that qualified for any FLSA, PMWA, PWPCL, NJWHL or MJWTA overtime exemption.

19. Defendant has suffered and permitted Plaintiff, the Rule 23 Classes and the FLSA Collective to regularly work more than forty (40) hours in a workweek.

20. For example, for the pay period of June 19, 2022 to July 2, 2022, Plaintiff worked as a security guard for 123.63 hours and was paid $3,090.81. This amount equates to Plaintiff's regular hourly rate of $25 per hour for all hours worked. Plaintiff was not paid overtime for hours over forty (40) in either workweek of this pay period.

21. For further example, for the pay period of August 28, 2022 to September 10, 2022, Plaintiff worked as a security guard for 120.80 hours and was paid $2,970.10. This amount equates to a combination of Plaintiff's regular hourly rates of $20 and $25 per hour for all hours worked. Plaintiff was not paid overtime for hours over forty (40) in either workweek of this pay period.

22. Plaintiff regularly worked in excess of forty (40) hours per week and was paid straight time only for all hours worked.

23. Defendant has also suffered and permitted the FLSA Collective and the Rule 23 Classes to regularly work more than forty (40) hours in a workweek without overtime pay.

24. Plaintiff, the FLSA Collective and the Rule 23 Classes were not compensated in accordance with the FLSA and/or the PMWA and PWPCL and the NJWHL and/or NJWTA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, PMWA and PWPCL and the NJWHL and/or NJWTA, Defendant's companywide policy and procedure was to pay straight time only for all hours worked.

25. Defendant is aware, or should have been aware, that Plaintiff, the FLSA Collective and the Rule 23 Classes worked overtime. Defendant assigned work schedules and required Plaintiff, the FLSA Collective and the Rule 23 Classes to work overtime.

26. Plaintiff, the FLSA Collective and the Rule 23 Classes were all subject to Defendant's uniform policy of not paying overtime.

## COLLECTIVE ACTION ALLEGATIONS

27. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

28. Defendant has violated, and is violating the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying their hourly workers, like Plaintiff and the FLSA Collective, overtime as required by law.

29. Plaintiff is aware of other current or former employees of Defendant who were subject to the same payroll practice.

30. Defendant's practice and policy of not paying overtime affects Plaintiff and the FLSA Collective similarly and is a willful violation of the FLSA.

31. The FLSA Collective are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

32. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the FLSA Collective are similarly situated.

33. Plaintiff and the FLSA Collective all have the same basic job duties and descriptions, and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

34. The specific job titles or precise job requirements of the FLSA Collective do not prevent proceeding collectively. All of Defendant's hourly workers, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

35. Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

36. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for hours worked over forty (40).

## **PENNSYLVANIA AND NEW JERSEY RULE 23 CLASS ACTION ALLEGATIONS**

37. The persons in the respective Pennsylvania and New Jersey Rule 23 Classes are so numerous that joinder of all members of the proposed Pennsylvania and New Jersey Rule 23 Classes is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, have employed hundreds of hourly workers in Pennsylvania and New Jersey during the class periods. Plaintiff and the Rule 23 Classes have been uniformly affected by Defendant's violation of law.

38. There are questions of law and fact common to the Rule 23 Classes that predominate over any questions solely affecting individual members of the Rule 23 Classes, including, but not limited to the following:

    a. Whether Defendant violated Pennsylvania and/or New Jersey law for failure to pay overtime wages due and owing;
    b. Whether Defendant illegally classified hourly workers as overtime exempt;
    c. The proper measure and calculation of damages; and
    d. Whether Defendant's actions were willful or in good faith.

39. Plaintiff's claims are typical of those of the Rule 23 Classes. Plaintiff, like other members of the proposed Rule 23 Classes, was subject to Defendant's practices and policies as described above. Plaintiff was employed in Pennsylvania and New Jersey, and worked in excess of forty (40) hours in a workweek without proper overtime compensation.

40. Further, Plaintiff's job duties are typical of the Rule 23 Classes, as all class members are or were non-exempt hourly workers who were and are entitled to overtime.

41. Plaintiff will fairly and adequately protect the interest of the proposed Rule 23 Classes, and has retained counsel experienced in complex wage and hour class and collective action litigation.

42. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against corporate Defendant. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

## CAUSES OF ACTION

### COUNT I

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.***
*(On Behalf of Plaintiff and the FLSA Collective)*

43. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times their regular rate of pay for all hours worked over forty (40) hours per workweek.

44. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

45. Defendant knew, or showed reckless disregard for the fact that it failed to pay these non-exempt workers proper overtime compensation in violation of the FLSA.

46. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of overtime wages and interest thereon.

47. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, attorney's fees and costs under the FLSA.

## COUNT II

### VIOLATION OF THE PMWA and/or PWPCL
*(On Behalf of Plaintiff and the Proposed Pennsylvania Rule 23 Class)*

48. Plaintiff and the proposed Pennsylvania Rule 23 Class were or are employees of Defendant within the meaning of the PMWA and PWPCL.

49. Defendant was or is the employer of Plaintiff and the Pennsylvania Rule 23 Class within the meaning of the PMWA and PWPCL.

50. The PMWA and PWPCL require employers like Defendant to timely pay their employees for hours worked in excess of forty (40) in an individual workweek at a rate no less than one and one-half times their regular hourly rate of pay.

51. When Defendant paid Plaintiff and the Pennsylvania Rule 23 Class straight time rather than the required one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, it violated the PMWA and PWPCL.

52. The foregoing conduct constitutes a willful violation of the PMWA and PWPCL within the meaning of the PMWA and PWPCL.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Pennsylvania Rule 23 Class have suffered damages and are entitled to recover unpaid overtime, liquidated damages, penalties, attorney fees and costs, and all other damages under the PMWA and PWPCL.

## COUNT III

### VIOLATION OF THE NJWHL and/or NJWTA
*(On Behalf of Plaintiff and the Proposed New Jersey Rule 23 Class)*

54. Plaintiff and the proposed New Jersey Rule 23 Class were or are employees of Defendant within the meaning of the NJWHL and/or NJWTA.

55. Defendant was or is the employer of Plaintiff and the New Jersey Rule 23 Class within the meaning of the NJWHL and/or NJWTA.

56. The NJWHL and/or NJWTA require employers like Defendant to timely pay their employees for hours worked in excess of forty (40) in an individual workweek at a rate no less than one and one-half times their regular hourly rate of pay.

57. When Defendant paid Plaintiff and the New Jersey Rule 23 Class straight time rather than the required one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, it violated the NJWHL and/or NJWTA.

58. The foregoing conduct constitutes a willful violation of the NJWHL and/or NJWTA within the meaning of the NJWHL and/or NJWTA.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the New Jersey Rule 23 Class have suffered damages and are entitled to recover unpaid overtime,

liquidated damages, penalties, attorney fees and costs, and all other damages under the NJWHL and/or NJWTA.

## COUNT IV

**VIOLATION OF THE NJWHL and/or NJWTA – FAILURE TO PAY OWED WAGES**
*(Plaintiff Individually)*

60. At the time Plaintiff's employment was terminated in June, 2023, he was owed pay for approximately 93.5 hours of work at a rate of $25 per hour, for work performed in the State of New Jersey.

61. Defendant intentionally refused to pay Plaintiff for these undisputedly owed wages.

62. By failing to pay Plaintiff his last paycheck, Defendant willfully violated NJ Rev Stat § 34:11-4.3, which requires employers to pay employees all wages due upon termination.

63. Plaintiff is entitled to receive all wages due at the time of his termination, as well as all statutory penalties for Defendant's failure to pay said wages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective and Pennsylvania and New Jersey Rule 23 Classes, prays for relief as follows:

a. An Order permitting this case to proceed as a collective action under § 216(b) of the FLSA, and ordering notice to the FLSA Collective at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b. Judgment that Plaintiff and the FLSA Collective are entitled to the overtime protections under the FLSA;

c. Judgment against Defendant for violation of the overtime provisions of the FLSA, PMWA, PWPCL, NJWHL and NJWTA;

   d. Judgment that Defendant's violations of the FLSA, PMWA, PWPCL, NJWHL and NJWTA were willful;

   e. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Pennsylvania and New Jersey Rule 23 Classes and the appointment of Plaintiff as class representative and his counsel as class counsel;

   f. An award to Plaintiff and the Rule 23 Classes and FLSA Collective for all unpaid overtime, liquidated damages, and penalties allowed by the FLSA, PMWA, PWPCL, NJWHL and NJWTA;

   g. Judgement awarding Plaintiff all unpaid wages due at the time of his termination and all statutory penalties associated therwith;

   h. An award of any pre- and post-judgment interest;

   i. An award of reasonable attorneys' fees and costs; and

   j. Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: December 21, 2023         Respectfully Submitted:

                      */s/ Ravi Sattiraju, Esq.*
                      Ravi Sattiraju, Esq. (035251998)
                      50 Millstone Road
                      Building 300, Suite 202
                      East Windsor, New Jersey 08520
                      Telephone: (609) 469-2110
                      Facsimile: (609) 228-5649
                      rsattiraju@s-tlawfirm.com

                      Philip Bohrer (*pro hac vice* to be filed)
                      Scott E. Brady (*pro hac vice* to be filed)
                      BOHRER BRADY, LLC
                      8712 Jefferson Highway, Suite B

Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

Kevin I. Lovitz (*pro hac vice* to be filed)
LOVITZ LAW FIRM
One Liberty Place
1650 Market Street; 36th Floor
Philadelphia, PA   19103
Telephone: (215) 735-1996
Facsimile: (267) 319-7943
kevin@lovitzlaw.com

**ATTORNEYS FOR PLAINTIFF,
FLSA COLLECTIVE AND CLASSES**