<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BARRY W. DAVIS, JR., *individually and on behalf of others similarly situated*<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ERIGERE RAPIDUS SOLUTIONS ERS, INC., and ROBERT CORMIER<br><br>　　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-23279 KMW-SAK<br><br>**OPINION** |

APPEARANCES:

PHILIP BOHRER, ESQ.
BOHRER LAW FIRM
8712 JEFFERSION HIGHWAY, SUITE B
BATON ROUGE, LA 70809

RAVI SATTIRAJU, ESQ.
SATTIRAJU & THARNEY, LLP
50 MILLSTONE ROAD, BUILDING 300, SUITE 202
EAST WINDSOR, NJ 08520

　　*Counsel for Plaintiffs*

**WILLIAMS, District Judge:**

## I.      INTRODUCTION

Plaintiff Barry W. Davis, Jr., brings this action against Erigere Rapidus Solutions ERS, Inc. ("ERS") and Robert Cormier (collectively, Defendants) alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq*, and the New Jersey Wage Theft Act ("NJWTA"), N.J.S.A. 34:11-4.1.

This matter comes before the Court on Plaintiff's Motion for Default Judgment (ECF No. 16). To date, Defendant has not filed an appearance nor responded to the Complaint or the instant motion. For the reasons that follow, Plaintiff's Motion for Default Judgment is **GRANTED**.

## II.     BACKGROUND

Plaintiff was employed by Defendants as a security guard from May 2020 to July 17, 2023. *See* Motion for Default Judgment, Ex. B ¶ 2. While working for Defendants, Plaintiff performed non-exempt overtime work and, per Defendants' policy, was not paid for his overtime hours. *Id.* ¶¶ 9, 12, 27, 30, 33. On July 17, 2023, Defendant Robert Cormier terminated Plaintiff and thereafter refused to pay Plaintiff his earned wages from his last pay period between July 2, 2023 to July 17, 2023. *Id.* ¶¶ 28-29. Both Defendants' refusal to pay Plaintiff overtime and withholding of Plaintiffs final paycheck are violations of the FLSA, NJWHL, and NJWTA. *See* Motion for Default Judgment at 4-6.

On December 21, 2023, Plaintiff filed a Complaint against Defendant ERS. ECF No. 1. On February 19, 2024, Plaintiff filed an Amended Complaint to include Defendant Robert Cormier and additional claims. ECF No. 7. On February 20, 2024, Summons were issued to Defendants including the Amended Complaint and were returned executed on February 26, 2024. ECF Nos.

9-11. On April 4, 2024, a Clerk's Entry of Default was entered.  On April 25, 2024, Plaintiff filed the instant motion for Default Judgment.  ECF No. 16.

## III.   LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 55(b)(2)

Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that has failed to file a timely responsive pleading.  Fed. R. Civ. P. 55(b)(2); *see also Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017).  Rule 55 establishes a two-step process for obtaining a default judgment: (1) the party seeking default must obtain an entry of default by the Clerk of the Court; and (2) once the Clerk of the Court has entered the default, the party can seek a default judgment.  It is within the discretion of the district court whether to grant a motion for default judgment.  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (explaining that the entry of default by the Clerk does not automatically entitle the non-defaulting party to default judgment; rather, the entry of default judgment is left primarily to the discretion of the district court).  "Once a party has defaulted, the consequence is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.*, No. 20-9537, 2021 WL 1541054 at*3 (D.N.J. Apr. 20, 2021).  With regard to damages, the Court may order or permit the plaintiff to provide additional evidence to support their allegations.  *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210 at *5 (D.N.J. May 1, 2012).

The moving party is not entitled to default judgment as a right; rather, the Court may enter a default judgment "'only if the plaintiff's factual allegations establish the right to the requested relief.'"  *Dellecese*, 2017 WL 957848, at *2 (quoting *Ramada Worldwide Inc. v. Courtney Hotels*

*USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012)); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (stating that "this court does not favor entry of defaults and default judgments" and noting the Court's preference that cases be decided on the merits).

Accordingly, before granting default judgment, a court must determine: (1) it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. *See Tri-Union Seafoods, LLC*, 2021 WL 1541054 *3. Further, the Court must consider the additional following factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.* (quoting *Chamberlain*, 210 F.3d at 164) (internal quotations omitted).

### IV.    DISCUSSION

As set forth *supra*, obtaining a default judgment pursuant to Fed. R. Civ. P. 55 is a two-step process: first the Clerk of the Court must enter a defendant's default after the properly served defendant failed to plead or otherwise defend itself. Once the entry has been made by the Clerk, a plaintiff can request the Clerk enter default judgment when a plaintiff's claim is for a sum certain, but in all other cases, such as the instant case, a plaintiff must apply to the court for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Here, the Clerk of the Court entered a default on April 4, 2024, against Defendants for failing to plead or otherwise defend itself following the summons returned as executed on February 26, 2024. ECF Nos. 10. 11. Since then, the docket reflects that Defendant has not made an

appearance or responded to this case to date. Thus, the first step is satisfied, and the Court will proceed to determine whether the entry of a default judgment is proper in this case.

## A. Jurisdiction

"Before entering a default judgment as to a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Tri-Union Seafoods, LLC*, 2021 WL 1541054 at*3 (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, *2 (D.N.J. Jan. 22, 2015)) (internal citations omitted). Thus, the Court must first determine personal and specific jurisdiction over the Defendants, as well as subject matter jurisdiction, before it can proceed to any other aspect of the default judgment motion.

To establish personal jurisdiction over a company, "the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration in original) (internal quotation omitted). Here, Plaintiffs allege that Defendant is a New Jersey corporation and has its principal place of business in Westville, New Jersey. *See* Pl.'s Amend. Compl. ¶6. "For a corporation or limited liability company, the 'paradigm' for general jurisdiction is its place of incorporation or registration and its principal place of business." *Griggs*, 2018 WL 3966304 at *4 (citing *Daimler*, 571 U.S. at 137). Therefore, this Court finds that it has personal jurisdiction over Defendant ERS.

As for Defendant Robert Cormier, the Court must undertake a two-step inquiry to determine whether the Court has personal jurisdiction over him. First, the Court must use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction, and then the Court must apply principles of due process. *TF Yachts, LLC v. Vandutch Prod. & Dev. B.V.*, No. 20-8044, 2021 WL 672659 at *2 (D.N.J. Feb. 22, 2021). However, in the case of New

5

Jersey's long-arm statute, which provides for jurisdiction coextensive with due process requirements, the Court need only make one inquiry: whether a defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). Additionally, where a plaintiff attempts to establish personal jurisdiction over an individual defendant for their actions as a corporate officer, the Court must consider whether the individual defendant took specific action before actions taken in the forum by the corporate entity can be imputed to the individual defendant for purposes of personal jurisdiction. *Id.* at *3.

Here, the Amended Complaint alleges that Defendant Robert Cormier is domiciled in Barrington, New Jersey, and that he was the owner, principal, and manager of Defendant ERS, a New Jersey corporation with its principal place of business in New Jersey, demonstrating sufficient minimum contacts with New Jersey to establish jurisdiction in his individual capacity. Moreover, during Plaintiff's employment, Defendant Robert Cormier participated in hiring and terminating workers, resolving payroll issues, setting pay rates, creating, implementing, and enforcing company policies and procedures, such as the policy and practice of not paying overtime, managing the operations of the company, dictating the manner, time, and location that workers performed their jobs, and was the person who ultimately "decid[ed] not to pay overtime for hours worked over forty (40)," which is the central issue in this case. *See* Pl.'s Amend. Compl. ¶¶ 29-30. Thus, the Court finds that, per Plaintiff's Amended Complaint, Defendant Robert Cormier took sufficient, specific action to establish personal jurisdiction in his corporate capacity as well.

Next, the Court must consider if it has specific jurisdiction over Defendants. "Specific jurisdiction is attained when the controversy is related to or 'arises out of' a defendant's contacts

6

with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501

at *3 (D.N.J. Nov. 1, 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

408, 414 (1984)). There is a three-part test to determine whether specific jurisdiction exists. *Ross*

*Univ. Sch. of Med. v. Amini*, No. 13-6121, 2014 WL 29032, at *5 (D.N.J. Jan. 2, 2014).

> (1) The defendant must have purposefully directed his activities at the forum;
>
> (2) the plaintiff's claim must arise out of or relate to at least one of those specific activities; and
>
> (3) courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

*Id.* (internal citations and quotations omitted). The Court will address each factor in turn below.

The Court notes that Defendant Robert Cormier owns and operates Defendant ERS, a business located at 145 Broadway, Westville, New Jersey 08093, who hired, paid, assigned work to, and fired Plaintiff, who primarily worked in New Jersey. *See* Pl.'s Amend. Compl. ¶ 30; Motion for Default Judgment, Ex. B. ¶¶ 2-6, 8-15. Given that the Court must accept Plaintiff's well pleaded factual allegations as true, (*see Mancuso*, 2012 WL 1536210 at *2), the Court finds this evidence sufficient to determine that Defendants purposefully directed their activities to this forum.

Next, it is clear on its face that Plaintiff alleges overtime violations pursuant to the FLSA, NJWHL, and NJWTA during the time of Plaintiff's employment. *See* Pl.'s Amend. Compl. ¶¶ 4-11, 15-34, 51-55, 62-71. Defendants denying Plaintiff's overtime pay and final paycheck is both the offense and the purposefully directed activity undertaken in this forum. *Id.* Thus, the Court finds Plaintiff's allegations sufficient to determine that the claims of this case arise out of the activities Defendant purposefully engaged in in this forum.

Further, the Court must ensure that its assertion of jurisdiction comports with the concepts of fair play and substantial justice. *Ross Univ. Sch. of Med.*, 2014 WL 29032 at \*13 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). At this step, the burden would normally fall on the defendant to show that the assertion of jurisdiction is unconstitutional. *Id.* (citing *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)). However, Defendants have failed to appear in this case. Thus, the Court has carefully reviewed the record and has found no evidence in the record to suggest that it would be unfair or against the concept of substantial justice to have Defendants, a business located and operated within the State of New Jersey and a New Jersey citizen, to answer a Complaint in a federal court based in their home State. Therefore, the Court finds that it has specific jurisdiction over Defendants.

The Court has subject matter jurisdiction over Plaintiff's claims in that the claims arise pursuant to the FLSA, 29 U.S.C. 201, *et seq*, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) for Plaintiff's New Jersey state claims (NJWHL, N.J.S.A. 34:11-56a, *et seq*, and NJWTA, N.J.S.A. 34:11-4.1).[1] The Court is satisfied that the prerequisites for jurisdiction are met in this matter.

### B.  Proper Service

The Federal Rules for executing service provide that "a domestic or foreign corporation, or a partnership or other unincorporated association . . . must be served in a judicial district of the United States, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(1)(B).

---

[1] Federal courts may exercise supplemental jurisdiction over claims that share "a common nucleus of operative fact" with claims over which the district court has original jurisdiction, such as here where the denial of overtime pay triggers both federal and state claims. *Sarpolis v. Tereshko*, 625 Fed. App'x 594, 598 (3d Cir. 2016) (internal citation omitted).

Here, Plaintiff filed their executed summons on February 26, 2024. *See* ECF Nos. 10, 11. The first filing indicates that Defendant Robert Cormier was personally served on February 23, 2024. ECF No. 10. The summons was served by an adult without a direct interest in the litigation and declared that the above information was true and correct under penalty of perjury. *Id.* The second filing indicates that Defendant ERS was served through its registered agent Robert Cormier on February 23, 2024. ECF No. 11. The summons was served by an adult without a direct interest in the litigation and declared that the above information was true and correct under penalty of perjury. *Id.* The Court is satisfied that proper service was made to Defendants.

## C. Sufficiency of Causes of Action

Next, the Court must consider whether the undisputed facts provided in Plaintiffs' complaint allege legitimate claims. *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795 at *1 (D.N.J. Feb. 24, 2015) ("The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered.") (citations omitted); *see also Mancuso*, 2012 WL 1536210 at *2.

Here, Plaintiffs allege violations under the FLSA (29 U.S.C. 201, *et seq*), the NJWHL, (N.J.S.A. 34:11-56a, *et seq*), and the NJWTA, (N.J.S.A. 34:11-4.1). The FLSA and NJWHL both relate to overtime compensation. The FLSA requires employees to be paid "one and a half times their 'regular rate' of pay for each hour worked over 40 hours a week against an employer." *Zungia v. AM Framing LLC*, No. 21-8250, 2022 WL 203234 at *3 (D.N.J. Jan. 24, 2022). The NJWHL "mirrors" the FLSA, and thus Plaintiff can establish a claim for overtime compensation under either statute by alleging forty hours of work in a given workweek plus any additional uncompensated time in excess of forty hours. *Id.* Under both statutes, individual liability is applicable to employers, which is defined as "any person acting directly or indirectly in the interest

of an employer in relation to an employee," which depends on whether the alleged employer exhibited indicia of control. *Id.* (citing 29 U.S.C. § 203). The Court is required to consider several factors as to whether an alleged employer: had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment for employees, and maintained employment records.

Here, Plaintiff alleges that Defendants hired him, supervised him, and fired him, set his rate of pay, assigned his work, and that Defendants had him work over forty hours per week and did not pay him overtime compensation and refused to give him his final check once he was terminated. *See* Motion for Default Judgment, Ex. B ¶¶ 2, 5, 6, 8, 10-12, 25, 26, 28, 30. Further, Plaintiff alleges that it was Defendants who set and implemented the no overtime pay policy. *Id.* at ¶¶ 9, 12, 27. These allegations, accepted as true for purposes of deciding this motion, are sufficient for the Court to find that Plaintiff has stated viable causes of action for violation of the FLSA and NJWHL.

The NJWTA was passed in 2019 which explicitly granted the right for a private party to bring suit for lost wages and liquidated damages up to an amount equal to 200% of their actual damages, court costs, and attorney's fees. *Jones v. HESP Solar*, No. 20-13056, 2021 WL 1904734 at *5 (D.N.J. May 12, 2021). The statute provides in pertinent part:

> If any employer fails to pay the full amount of wages to an employee agreed to or required by [this section], the employee may recover in a civil action the full amount of any wages due . . . plus an amount of liquidated damages equal to not more than 200 percent of wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court . . . The payment of liquidated damages shall not be required for a first violation by an employer if the employer shows to the satisfaction of the court that the act or omission constituting the violation was an inadvertent error made in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation,

> and the employer acknowledges that the employer violated the law
> and pays the amount owed within 30 days of notice of the violation.

N.J.S.A. § 34:11-4.10.

Here, Plaintiffs' Amended Complaint asserts that he was not given his final paycheck for the pay period of July 2, 2023 to July 17, 2023, despite requesting said paycheck from Defendants via text messages, certified mail, and email, of which the final communication took place on August 17, 2023. *See* Motion for Default Judgment, Ex. B ¶ 28. To date, Defendants have not provided Plaintiff with his final paycheck. Thus, these allegations, accepted as true for purposes of deciding this motion, are sufficient for the Court to find that Plaintiff has stated a viable cause of action for violation of the NJWTA.

### D. Default Judgment is Proper

Finally, the Court must consider whether the entry of default judgment is proper in the context of the instant case. In making this determination, the Court must consider several additional factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 686 (D.N.J. 2015) (internal citations and quotations omitted).

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). However, Defendants have not responded to this case, and such a failure prevents the Court from being able to ascertain any litigable defenses. *United States v. Vo*, No. 15-6327, 2016 WL 475313 at *3 (D.N.J. Feb. 8, 2016) (citing *Prudential Ins. Co of America v. Taylor*, No. 08-2108, 2009 WL

536403 at *1 (D.N.J. Feb. 27, 2009)). Therefore, no meritorious defense presently exists with respect to deciding this motion for default judgment.

Next, the Court must determine if a plaintiff will suffer prejudice by a defendant's failure to respond. Typically, default causes prejudice to a plaintiff "because it has been prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Innovative Sports Mgmt., Inc. v. Tumi Int'l, Inc.*, No. 20-14253, 2021 WL 4026112 at *3 (D.N.J. Sept. 2, 2021) (internal citations and quotations omitted). Additionally, without the remedy of default judgment, a plaintiff facing a defendant that refuses to engage will be prejudiced because it has "no other means of seeking damages for the statutory harms caused by Defendant." *Dellecese*, 2017 WL 957848, at *3.

Here, Defendants were properly served and have not appeared; Plaintiff's final paycheck has continued to be withheld, as well as his duly earned overtime wages; and without entry of default judgment, Plaintiff would have no other means of redress.

Similarly, Defendants' complete failure to answer or respond in this case "evinces the Defendant's culpability[.]" *Teamsters Pension Fund of Philadelphia & Vicinity*, No. 11-624, 2011 WL 4729023 at *4 (D.N.J. Oct. 5, 2011); *Interstate Realty Mgmt. Co. v. PF Holdings, LLC*, No. 16-4095, 2017 WL 53707 at *3 (D.N.J. Jan. 4, 2017) (finding that a defendant "may be presumed culpable for their inaction."). There is nothing in the record to show that Defendants' failure to respond was not willfully negligent, and therefore the Court is satisfied that such inaction supports a finding that the Defendants are culpable. *Prudential Ins. Co. of America*, 2009 WL 536043 at *1.

As a result, the Court is satisfied that all factors support the entry of a default judgment and will grant Plaintiff's motion.

### E. Damages[2]

#### 1. Overtime Wages Damages

The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Quingwei Ma v. Chef Jon's Authentic Chinese Cuisine*, No. 17-7379, 2020 WL 6111037 at *2 (D.N.J. Oct. 16, 2020). Both the FLSA and NJWHL provide for damages where employers are found in violation of the overtime provisions in these statutes. *See Zungia*, 2022 WL 203234 at *3 ("The standard for proving damages under the NJWHL is similar to that under the FLSA") (citations omitted). A plaintiff may "permissibly rely on estimates based on [their] own recollection in supplying the factual predicates for [the damages calculation]." *Id.* (quoting *Delgado v. Auto Gallery LLC*, No. 20-18593, 2021 WL 5864064 at * 4 (D.N.J. Dec. 10, 2021)). Pursuant to 29 C.F.R. § 778.109, the amount of unpaid overtime wages is based on the regular rate of pay, the number of overtime hours per week, and the number of weeks affected. *Id.* Here, Plaintiff provided a declaration under penalty of perjury outlining his employment by Defendants, including his dates of employment, average hours worked, hourly wage, and also provided the payroll and time sheets in his possession to support the unpaid overtime calculations utilized for the undocumented periods present in his records. *See* Motion for Default Judgment at Exs. B and D. The calculation utilized by Plaintiff's counsel were inferred from Plaintiff's time and payroll records which were based on two-week pay period increments. *See* Motion for Default Judgment at 9-10; Ex. C. Based on of Plaintiff's typical work schedule of seven days a week for 8.5-9 hours per day, without a meal break, for $20 or $25 per hour (resulting in overtime pay of $30-$37.50), Plaintiff's unpaid overtime totaled $25,411.38 for his entire employment with Defendant from

---

[2] The Court notes that a plaintiff cannot receive duplicative damages from both the FLSA and the NJWHL, and the Plaintiff here has chosen to pursue his NJWHL claims. *See Qu Wang v. Fu Leen Meng Rest. Liab. Co.*, No. 16-8772, 2018 WL 1027446 at *5 (D.N.J. Feb. 23, 2018).

May 10, 2020 to July 17, 2023. The Court has reviewed the calculations and methodology and agrees that Plaintiff should be awarded this amount in unpaid overtime.

### 2. Liquidated Damages

The FLSA and NJWHL presume liquid damages for overtime violations. *See Zungia*, 2022 WL 203234 at *4.[3] To avoid the automatic liability for liquidated damages, an employer must show that it "acted in good faith" and had "reasonable grounds" in its belief that it was not violating the overtime statute. *Id.* (citations and quotations omitted). Due to Defendants' default, there is no evidence to demonstrate either good faith or reasonable grounds for the violation, and thus Defendants are automatically liable for liquidated damages. *Delgado*, 2021 WL 5864064 at * 5.

Here, Plaintiff requests that the Court award him the liquidated damages pursuant to the NJWHL, which provide for 200% in liquidated damages, which would amount to $50,822.75[4] in this case. *See Zungia*, 2022 WL 203234 at *5; *see also* N.J.S.A. § 34:11-56a 25.

The Court has reviewed the calculations and methodology and agrees that Plaintiff should be awarded this amount as liquidated damages for violation of the NJWHL.

### 3. Unpaid Wages

Plaintiff also asserts that Defendants did not pay him his final paycheck, which amounted to $2,337.50 for 93.5 hours of work at a rate of $25 per hour for the pay period of July 2, 2023 to July 17, 2023. *See* Motion for Default Judgment at 11; Ex. B, ¶ 28. Pursuant to the NJWTA, which requires employers to pay employees all wages due upon termination, liquidated damages of 200% apply to violations such as the one Plaintiff suffered. *See*; N.J.S.A. § 34:11-4.10(c); *Jones*, 2021 WL 1905734 at *5. Thus, Plaintiff requests an additional $4,675.00 in liquidated

---

[3] For NJWHL claims occurring after August 6, 2019, liquidated damages are permitted under the NJWHL. *See Jun Lin Liu v. New Dickson Trading, LLC*, No. 21-15778, 2023 WL 3736351 at *8 (D.N.J. May 30, 2023).
[4] Unpaid overtime calculated to be $25,411.38.

damages, totaling $7,012.50 pursuant to the NJWTA. The Court has reviewed the calculations and methodology and agrees that Plaintiff should be awarded this amount as damages pursuant to the NJWTA.

Therefore, in total, the Court awards Plaintiff $83,246.63 pursuant to the NJWHL and NJWTA.

### F. Attorney's Fees and Costs

In this matter, the Court will defer judgment on attorney's fees and costs. As Plaintiff's counsel accurately points out, the lodestar approach is appropriate for calculating fees in FLSA cases, and the NJWHL provides for the recovery of costs and reasonable attorney's fees as well. *See* 29 U.S.C. § 216(b); N.J.S.A. § 34:11-56a25; *Souryavong v. Lackawanna County*, 872 F.3d 122, 128 (3d Cir. 2017) (holding that in an FLSA case, the lodestar approach where the number of hours worked multiplied by the prevailing hourly rate carries a strong presumption of reasonableness).

Plaintiff's counsel has provided certifications that demonstrate that two attorneys (at $550.00 and $500 per hour), a paralegal (at $150.00), and support staff (at $75.00), participated in the preparation and litigation of this case over the course of 47.95 hours, incurring the costs of $151.22 (including fees for service of process and certificates of good standing), along with second co-counsel (at $500.00 for a total of 4.9 hours) and third co-counsel who incurred $454.00 in costs (including the filing fee and fee for service of process), culminating in $22,260.00 in attorney's fees and $605.22 in overall costs. The Court notes that in cases from this district that hourly rates between $275-$450 have been found reasonable for FLSA cases, the Court finds that given counsel's experience, the record reflecting that most of the time was spent on preparing submissions, whereas counsel amended the complaint and had an involved damages calculation,

the Court ultimately concludes that the hours, fees, and costs are reasonable for the particular circumstances of this case. *See Morales v. Aqua Pazza LLC*, No. 20-6690, 2022 WL 1718050 at *8 (D.N.J. May 27, 2022) (citing *Qu Wang*, 2018 WL 1027446 at *5) (collecting cases). Therefore, Plaintiff is entitled to $22,260.00 in attorney's fees and $605.22 in costs.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 16) is **GRANTED**.

An order consistent with this Opinion will be entered.

May 2_, 2024

KAREN M. WILLIAMS, U.S.D.J.