**[ECF Nos. 20, 21]**

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **BARRY W. DAVIS, JR.,** individually and on behalf of others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**ERIGERE RAPIDUS SOLUTIONS ERS, INC. et al.,**<br><br>**Defendants.** | Civil No. 23-23279 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court on the amended motion to compel [ECF No. 21] filed by Plaintiff Barry W. Davis, Jr.[1] No opposition has been filed. The Court exercises its discretion to decide the motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff filed this collective and class action against Defendants Erigere Rapidus Solutions ERS, Inc. ("ERS") and Robert Cormier ("Cormier") (collectively, "Defendants") alleging, in part, that Defendants refused pay Plaintiff overtime and otherwise intentionally withheld owed wages. *See generally* Am. Compl. [ECF No. 7]. Plaintiff's claims are premised upon violations of the Fair Labor Standards Act and related state laws. *See id.* ¶¶ 51–71. On February 26, 2024, Plaintiff

---

[1] Plaintiff's amended motion was filed shortly after his first motion to compel ("first motion") [ECF No. 20]. Plaintiff asserts that his amended motion was filed to "make two (2) corrections" to his first motion. Pl.'s Am. Mot. at 1 n.1. The Court also notes that the motions otherwise seek identical relief. Accordingly, the Court will deny Plaintiff's first motion as moot.

filed two Summons Returned Executed indicating Defendants were served on February 23, 2024 and that Defendants' responses were due by March 15, 2024. *See* ECF Nos. 10, 11.  Defendants did not move or otherwise respond to Plaintiff's Amended Complaint.  On April 3, 2024, Plaintiff filed a request for default [ECF No. 15], which the Clerk entered the next day.

On April 25, 2024, Plaintiff filed a motion for default judgment [ECF No. 16] seeking an award of $106,111.85, inclusive of damages, fees, and costs. *See* Pl.'s Mem. Supp. Default J. at 16 [ECF No. 16-2].  Specifically, Plaintiff sought the following: $25,411.38 in unpaid overtime; $50,822.75 in liquidated damages on unpaid overtime; $2,337.50 in unpaid wages; $4,675.00 in liquidated damages on unpaid wages; $22,260.00 in attorney fees; and $605.22 in costs. *See id.* On March 30, 2024, the Honorable Karen M. Williams, U.S.D.J., granted Plaintiff's motion and entered judgment in his favor against Defendants jointly in the amount of $106,111.85. *See* Op. [ECF No. 17]; Order [ECF No. 18].  To date, Defendants have not made an appearance in the case in any capacity.

On August 6, 2024, Defendants were each personally served *via* Plaintiff's process server with Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment at Defendant Cormier's residence.[2] *See* Pl.'s Am. Mot. at 1–2.  Copies of the Affidavits of Service and Plaintiff's discovery requests addressed to ERS and Cormier are attached to his amended motion as Exhibits "A" through "E." *See* ECF No. 21-3.  Plaintiff contends that Defendants have failed to provide answers or produce documents in response to his discovery requests in violation of Federal Rules of Civil Procedure 33 and 34. *See* Pl.'s Am. Mot. at 2.  As such, Plaintiff now moves for an order compelling Defendants to fully respond.

---

[2] Plaintiff indicates that Cormier was served both in his capacity as an individual defendant and in his capacity as President of Defendant ERS. *See* Pl.'s Am. Mot. at 1–2.

## II.     DISCUSSION

As the Supreme Court has noted, the "rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014).  Pursuant to Federal Rule of Civil Procedure 69(a)(2), in aid of the judgment or execution, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *See generally* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3014 (3d ed.) ("A judgment creditor may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held.")); *see, e.g.*, *United States v. Chazen*, No. 08-2314, 2019 WL 113722 (D.N.J. Jan. 4, 2019) (granting motion to compel the judgment debtor to appear for a deposition and provide answers to interrogatories in aid of execution under federal law); *but see Consol. Rail Corp. v. All. Shippers, Inc.*, No. 93-1327, 2015 WL 3658848 (D.N.J. June 12, 2015) (denying motion to compel, in part, due to the judgment creditor's failure to comply with New Jersey state procedural law).

"The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Republic of Argentina*, 573 U.S. at 139 (quoting FED. R. CIV. P. 26(b)(1)). Since the federal rules do not provide a specific formula for obtaining postjudgment discovery, district courts look to state law for procedural guidance. *See* FED. R. CIV. P. 69(a)(1); *see also* L. Civ. R. 83.3 (permitting but not prescribing that, in the absence of any governing rule or procedure, the procedure and practice of New Jersey state courts may be considered for guidance).  To obtain postjudgment discovery under New Jersey law,

> the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or . . . may

>  proceed as provided by [Rule] 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by [Rule] 1:5-2 for service on a party. The court may make any appropriate order in aid of execution.

N.J. CT. R. 4:59-1(f). "An information subpoena may be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed return envelope." N.J. CT. R. 6:7-2(b)(1). The information subpoena and written questions must conform with and be limited to those set forth in Appendix XI–L to the New Jersey Court Rules. *See id.* Lastly, service of the subpoena shall be made personally, "as provided by [Rule] 4:4-4[,] or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to the party's last known address." N.J. CT. R. 1:5-2, 4:4-4. The original subpoena, with answers to the written questions annexed thereto, must be returned to the judgment creditor within fourteen (14) days of service thereof. *See* N.J. CT. R. 6:7-2(b)(1). This notwithstanding, the Court reiterates that it looks to the procedure and practice of New Jersey state courts merely for guidance and is in no way bound by its strictures.

  Here, the Court will grant Plaintiff's amended motion and order Defendants to provide responses to his Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment. Plaintiff personally served each Defendant with these requests and his interrogatories seek permissible postjudgment discovery under state and federal law. *See* FED. R. CIV. P. 69(a)(2); N.J. CT. R. 4:59-1(f). Likewise, Plaintiff's document requests are narrowly tailored to materials that are the subject matter of his interrogatories. In light of the permissive nature of postjudgment discovery, combined with the absence of a specific formula for obtaining it under the federal rules, the Court finds that Plaintiff has demonstrated good cause to compel Defendants to provide the requested discovery. *See generally* FED. R. CIV. P. 69(a), 83(b); L. CIV. R. 83.3. The Court also notes Plaintiff's motions are unopposed. The Court further notes that Defendants have otherwise

failed to appear in the case or respond to Plaintiff's Amended Complaint in any form. Therefore, the Court will grant Plaintiff's amended motion to compel and enter an order compelling each Defendant to promptly provide responses to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **12th** day of **November**, **2024**, that Plaintiff's amended motion to compel [ECF No. 21] is **GRANTED**. Plaintiff's first motion to compel [ECF No. 20] is **DENIED** as moot; and it is further

**ORDERED** that Defendants ERS and Cormier shall provide all answers and produce all responsive documents to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment no later than **December 3, 2024**; and it is further

**ORDERED** that Defendants ERS and Cormier may be subject to sanctions if Defendants fail to timely respond to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment or otherwise refuse to comply with this Order; and it is further

**ORDERED** that Plaintiff shall use all reasonable means to assure that Defendants ERS and Cormier are served with a copy of this Order.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.