[ECF No. 25]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **BARRY W. DAVIS, JR.,** individually and on behalf of others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**ERIGERE RAPIDUS SOLUTIONS ERS, INC. et al.,**<br><br>**Defendants.** | Civil No. 23-23279 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff Barry W. Davis, Jr.'s motion [ECF No. 25] for sanctions and to compel compliance with the Court's November 12, 2024 Opinion and Order. No opposition has been filed. The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

To avoid repetition, the Court incorporates by reference the discussion of the case's factual background and procedural history outlined in its November 12, 2024 Opinion and Order granting Plaintiff's amended motion to compel. *See* ECF No. 24, at 1–2. At that time, Plaintiff sought to compel Defendants Erigere Rapidus Solutions ERS, Inc. ("ERS") and Robert Cormier ("Cormier") (collectively, "Defendants") to fully respond to his postjudgment discovery requests, first served on August 6, 2024. *See id.* at 2. Pursuant to the Court's Order, Defendants were required to provide all answers and produce all responsive documents to Plaintiff's Interrogatories and Requests for

Production of Documents in Aid of Execution of Judgment by December 3, 2024. *See id.* at 5. Plaintiff alleges that he served a copy of the Court's Order on Defendants *via* certified mail, return receipt requested, and first-class mail, to their last known address.[1] *See* Pl.'s Mot. at 2. He further alleges that the respective tracking information shows that delivery was successful, left with an individual on December 13, 2024. *See id.* (citing Ex. 3); Pl.'s Mot. Ex. 3, at 2, ECF No. 25-6. Despite this, Plaintiff contends that Defendants have failed to respond, communicate with counsel, or otherwise indicate any intention to comply with the Court's Order. *See* Pl.'s Mot. at 2.

Plaintiff now moves for sanctions and to compel Defendants' compliance. Specifically, Plaintiff seeks an order: (a) imposing monetary sanctions against Defendants jointly and severally in the amount of $1,768.24 to compensate for attorney's fees and costs incurred as a result of their willful non-compliance; (b) compelling Defendants to produce complete responses to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment within three (3) business days of the date of the order; (c) requiring Defendants to appear in person for a hearing to show cause why they should not be held in civil contempt should they fail to comply; and (d) warning Defendants that continued non-compliance may result in, *inter alia*, the issuance of a civil bench warrant and imposition of daily monetary sanctions until compliance is achieved. *See id.* at 2–3. On January 13, 2025, Plaintiff filed two affidavits of service indicating that an individual residing at Defendants' last known address—Cormier's sister to be specific—was personally served with additional copies of the Court's Order. *See* ECF Nos. 27, 28. Plaintiff's counsel simultaneously filed a certification advising that the instant motion was unopposed and requesting it be granted. *See* ECF No. 29.

---

[1] The Court notes that Plaintiff's counsel's corresponding letter is dated December 10, 2024, one week after the deadline to respond and nearly one month after the Court's Order was issued. *See* Pl.'s Mot. Ex. 2, at 2, ECF No. 25-5.

**II.     DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 69(a)(2), a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided by these rules or by the procedure of the state where the court is located."  The standards and consequences of a failure to make disclosures or cooperate with discovery are set forth in Federal Rule of Civil Procedure 37.  Rule 37(b) provides in part that if "a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery," then "the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A).  This includes "treating as contempt of court the failure to obey any order." FED. R. CIV. P. 37(b)(2)(A)(vii) (noting two immaterial exceptions).  Instead of or in addition to such orders, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"Civil contempt is a means by which the Court may, if necessary, ensure that its discovery orders are obeyed." *Andrews v. Holloway*, 256 F.R.D. 136, 140 (D.N.J. 2009) (citations omitted); *see generally McDonald's Corp v. Victory Invs.*, 727 F.2d 82, 87 (3d Cir. 1984) ("[C]ivil contempt may be employed to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience.").  A plaintiff seeking a civil contempt order "must show by clear and convincing evidence: (1) that a valid court order existed; (2) that defendant had knowledge of the order; and (3) that defendant disobeyed the order." *Andrews*, 256 F.R.D. at 141 (citation omitted).  Moreover, a court should not hold a party in contempt if there are grounds to doubt the wrongfulness of the party's conduct, and any ambiguities in the order will be resolved in favor of the party charged with contempt. *See id.* (citations omitted).

Here, there is no doubt that a valid court order existed.  While it appears Defendants now have knowledge of that order, Plaintiff fails to show that Defendants had such knowledge prior to the December 3, 2024 deadline.  As previously discussed, Defendants were allegedly first served with a copy of the Court's Order by mail on December 13, 2024—ten (10) days after the deadline expired.  *See* Pl.'s Mot. Ex. 3, at 2.  Notably, Plaintiff's counsel's corresponding letter is dated December 10, 2024—one week after the deadline expired.  *See* Pl.'s Mot. Ex. 2, at 2.  As a result, the Court finds that Plaintiff fails to show by any measure, let alone clear and convincing evidence, that Defendants had timely knowledge of the Court's Order.  Without such knowledge, the Court finds that there are reasonable grounds to doubt whether Defendants disobeyed the Court's Order, willfully or otherwise.  Although the lack of any response or communication to date is troubling, the Court merely finds that Plaintiff fails to satisfy his burden.  Therefore, the Court will deny his requests for sanctions.[2]  The Court will, however, grant Plaintiff's request to compel Defendants to provide complete responses to his discovery requests, albeit in modified form.  In light of the complications surrounding timely service of the Court's November 12, 2024 Opinion and Order, the Court finds that demanding Defendants respond within three (3) business days of the date of this decision would amount to an exercise in futility.  In all likelihood, it would also handicap any future request for sanctions by Plaintiff, if necessary, in similar fashion.  Therefore, the Court will extend rather than limit the window in which Defendants must respond.

---

[2] To be clear, while Plaintiff frames his request to hold Defendants in contempt as a "warning," the proposed order attached to his motion includes self-executing provisions for such sanctions in the event of future non-compliance.  For this reason, the Court finds that the test is applicable here.  Likewise, having failed to establish that Defendants disobeyed the Court's Order, the Court further finds that Plaintiff's request for attorney's fees and costs is premature.  Accordingly, the Court will deny Plaintiff's requests for sanctions without prejudice to his right to raise them again in the event of future non-compliance.

### III. **CONCLUSION**

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **25th** day of **March**, **2025**, that Plaintiff's motion for sanctions and to compel compliance [ECF No. 25] is **GRANTED** in part and **DENIED** in part. All requests for sanctions are **DENIED** without prejudice.  The request to compel is **GRANTED** in modified form; and it is further

**ORDERED** that Defendants ERS and Cormier shall provide all answers and produce all responsive documents to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment no later than **April 22, 2025**; and it is further

**ORDERED** that Defendants ERS and Cormier will be subject to sanctions if Defendants fail to timely respond to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment or otherwise refuse to comply with this Order; and it is further

**ORDERED** that Plaintiff shall use all reasonable means to assure that Defendants ERS and Cormier are timely served with a copy of this Order.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.