[ECF No. 36]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| **BARRY W. DAVIS, JR.,** individually and on behalf of others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>**ERIGERE RAPIDUS SOLUTIONS ERS, INC. et al.,**<br><br>**Defendants.** | Civil No. 23-23279 (KMW/SAK) |

## OPINION AND ORDER

This matter is before the Court upon Plaintiff Barry W. Davis, Jr.'s renewed motion [ECF No. 36] for Sanctions and to Compel Immediate Compliance with the Court's November 12, 2024 Opinion and Order [ECF No. 24] and the March 25, 2025 Opinion and Order [ECF No. 34]. No opposition has been filed. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

To avoid repetition, the Court incorporates by reference the discussion of the case's factual background and procedural history outlined in its November 12, 2024 Opinion and Order granting Plaintiff's amended motion to compel. *See* ECF No. 24, at 1-2. At that time, Plaintiff sought to compel Defendants Erigere Rapidus Solutions ERS, Inc. ("ERS") and Robert Cormier ("Cormier") (collectively, "Defendants") to fully respond to his postjudgment discovery requests, first served on August 6, 2024. Pursuant to the Court's Order, Defendants were required to provide all answers

and produce all documents responsive to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment by December 3, 2024. *See id.* at 5. Defendants were not served with a copy of the Court's Order until December 13, 2024. *See* ECF No. 25, Attach. 6, Ex. 3. When Defendants failed to respond, communicate with counsel, or comply with the Order, Plaintiff filed a motion for sanctions and to compel immediate compliance [ECF No. 25]. The Court granted Plaintiff's motion to compel, but denied the request for sanctions. *See* ECF No. 34 at 5. The Court found that Plaintiff failed to show that Defendants had timely knowledge of the Court's Order prior to the December 3, 2024 deadline. *See id.* at 4.

Plaintiff now renews his motion for sanctions and to compel Defendants' compliance [ECF No. 36]. The March 25, 2025 Order required Defendants to produce complete responses to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment no later than April 22, 2025. *See* ECF No. 34. Plaintiff alleges he served a copy of this Order on Defendants *via* certified mail, return receipt requested, and first-class mail to their last known address. *See* Pl.'s Mot. at 2-3 [ECF No. 36]. Plaintiff maintains that Defendants failed to respond, meaningfully communicate with counsel,[1] or otherwise indicate any intention to comply with the Court's Order. *See id.* at 3. Plaintiff now seeks an order: (a) imposing monetary sanctions against Defendants jointly and severally in the amount of $2,518.24 to compensate Plaintiff for actual attorney's fees and costs incurred; (b) compelling Defendants to produce complete responses to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment within three (3) business days of the date of the Order; (c) requiring Defendants to appear in person before this Court for a hearing to show cause why they should not

---

[1] Plaintiff alleges that at some point after March 25, 2025, Defendant Cormier made a single telephone call to Plaintiff's counsel's office in which he claimed that "the FBI" has all of his records. *See* Pl.'s Mot. at 4.

2

be held in civil contempt if they fail to comply within the three-day period; and (d) warning Defendants that continued non-compliance may result in additional sanctions such as the issuance of a civil bench warrant, daily monetary sanctions of $250 per day until compliance is achieved, or an order directing the U.S. Marshals Service to Defendants' place of business to secure the responsive documents. *See id.* at 4-5.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 69(a)(2), a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided by these rules or by the procedure of the state where the court is located." The standards and consequences of a failure to make disclosures or cooperate with discovery are set forth in Federal Rule of Civil Procedure 37. Rule 37(b) provides in part that if "a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery," then "the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). This includes "treating as contempt of court the failure to obey any order." FED. R. CIV. P. 38(b)(2)(A)(vii) (noting two material exceptions). Instead of or in addition to such orders, "the court must order the disobedient party, the attorney advising that party, or both to pay the unreasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

"Civil contempt is a means by which the Court may, if necessary, ensure that its discovery orders are obeyed." *Andrews v. Holloway*, 256 F.R.D. 136, 140 (D.N.J. 2009) (citations omitted); *see generally McDonald's Corp v. Victory Invs.*, 727 F.2d 82, 87 (3d Cir. 1984) ("[C]ivil Contempt may be employed to coerce the defendant into compliance with the court's orders and to compensate for losses sustained by the disobedience."). A plaintiff seeking a civil contempt order

3

"must show by clear and convincing evidence: (1) that a valid court order existed; (2) that defendant had knowledge of the order; and (3) that defendant disobeyed the order." *Andrews*, 256 F.R.D. at 141 (citations omitted). Moreover, a court should not hold a party in contempt if there are grounds to doubt the wrongfulness of the party's conduct, and any ambiguities in the order will be resolved in favor of the party charged with contempt. *See id.* (citations omitted).

Here, there is no doubt that a valid order existed. However, Plaintiff fails to show that Defendants had knowledge of the March 25, 2025 Order. Plaintiff maintains that he "promptly served the Court's March 25, 2025 Order on Defendants *via* certified mail (RRR) and regular first-class mail to their last known address, as evidenced by the Certificate of Service filed on March 25, 2025 [ECF No. 35]." *See* Pl.'s Br. at 2-3. The Certificate of Service contains a scan of a U.S. Postal Service Certified Mail Receipt with a tracking number and Defendants' address. *See* ECF No. 35. The receipt does not, however, have a signature indicating successful delivery. Although Plaintiff possesses a tracking number, he failed to provide USPS tracking information that confirms delivery. No other proof of delivery was filed with the Court. Accordingly, the Court finds that Plaintiff has not met his burden of showing by clear and convincing evidence that Defendants had knowledge of the March 25, 2025 Opinion and Order. Therefore, the Court will deny the request for sanctions. The Court will, however, grant Plaintiff's request to compel Defendants to provide complete responses to his discovery requests, but not within the requested three-day timeframe. Because of the lack of adequate proof of service of the March 25, 2025 Order and Opinion, the Court will again extend the window of time in which Defendants must respond.

### III. <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons,

4

**IT IS HEREBY ORDERED** this **20th** day of **October, 2025**, that Plaintiff's motion for sanctions and to compel compliance [ECF No. 36] is **GRANTED** in part and **DENIED** in part. All requests for sanctions are **DENIED** without prejudice. The request to compel is **GRANTED** in modified form; and it is further

**ORDERED** that Defendants ERS and Cormier shall provide all answers and produce all responsive documents to Plaintiff's Interrogatories and Requests for Production of Documents in Aid of Execution of Judgment no later than **November 17, 2025**; and it is further

**ORDERED** that Plaintiff shall use all reasonable means to assure that Defendants ERS and Cormier are timely served with a copy of this Order.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.